IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRY O'DELL DUMAS, | ) |
| Petitioner, | ) |
| v. | ) CV 119-141 |
| | ) (Formerly CR 115-071) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the United States Penitentiary in Coleman, Florida, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. Because Petitioner did not, despite receiving additional time, (doc. no. 4), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.  **BACKGROUND**

   A.  **Indictment and Agreement to Plead Guilty**

On July 8, 2015, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession with intent to distribute cocaine, one count of possession of a

firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon, all of which allegedly occurred on or about March 13, 2015. United States v. Dumas, CR 115-071, doc. no. 1 (S.D. Ga. July 8, 2015) (hereinafter "CR 115-071"). Of particular importance to the present motion to dismiss, Count Two charged Petitioner with possessing a firearm in furtherance of the drug trafficking crime of possession with intent to distribute cocaine charged in Count One. Id. at 2. The Court appointed attorney Michael Millians under the Criminal Justice Act to represent Petitioner. Id., doc. no. 16.

On October 8, 2015, Petitioner appeared with counsel and pled guilty to Counts One and Two: possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), respectively. Id., doc. nos. 21-23. Not only did the indictment charge Count Two was predicated on the drug offense charged in Count One, but Petitioner also specifically stipulated to the accuracy of the factual basis set forth in the plea agreement that he possessed the firearm as charged in Count Two in furtherance of the drug trafficking crime of possession with intent to distribute cocaine as charged in Count One. Id., doc. nos. 1, 23.

**B.  Sentencing**

On January 6, 2016, Chief United States District Judge J. Randal Hall sentenced Petitioner to a term of imprisonment of twenty-one months on Count One and sixty months on Count Two, to be served consecutively to each other and to any term of imprisonment imposed upon the revocation of Petitioner's probation in Columbia County Superior Court. Id., doc. nos. 27, 29. Judgment entered on January 7, 2016. Id., doc. no. 29. In accordance

with the terms of the plea agreement and Post-Conviction Consultation Certification, Petitioner did not file a direct appeal. Id., doc. nos. 23, 30.

### C.   § 2255 Proceedings

On June 27, 2019, Petitioner filed a motion to appoint counsel to help him seek relief pursuant to a new rule of constitutional law announced in United States v. Davis, — U.S. —, 139 S. Ct. 2319 (U.S. June 24, 2019), that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Id., doc. no. 32. Chief Judge Hall explained to Petitioner he intended to recharacterize the motion to appoint counsel as a § 2255 motion and provided the requisite warnings about the consequences of such recharacterization pursuant to Castro v. United States, 540 U.S. 375 (2003). Id., doc. no. 34. Petitioner did not respond to the Castro order, and on August 30, 2019, the Clerk opened the instant civil action, *nunc pro tunc* to June 27, 2019. (Doc. no. 1.) Petitioner's sole claim is "that the Davis case that was made Retroactive (June 2019) dealing with the 9-24-C 3B applies to me." (Id.)

Respondent moves to dismiss the § 2255 motion, arguing Davis does not apply to Petitioner because he was not convicted under the now-invalidated residual clause of § 924(c)(3)(B), but rather under the drug trafficking clause of § 924(c)(2) . (Doc. no. 3.)

### II.   DISCUSSION

Respondent's motion to dismiss should be granted because a review of the record of Petitioner's prior criminal proceeding in CR 115-071 shows Davis does not apply to Petitioner's Count Two conviction under § 924(c). Under Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Court, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party

is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The Advisory Committee Notes for Rule 4 state, "Since the [§ 2255] motion is part of the criminal action in which was entered the judgment to which it is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion."

Section 924(c) requires imposition of a mandatory sentence for an individual convicted of using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." For purposes of § 924(c), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Sections 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

- (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection A is commonly referred to as the "elements clause" and subsection B is known as the "residual clause." In re Pollard, 931 F.3d 1318, 1329 (11th Cir. 2019).

In Davis, the Supreme Court "extended its holdings in Johnson v. United States, — U.S. —, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), and Sessions v. Dimaya, — U.S. —, 138 S. Ct. 1204, 200 L.Ed.2d 549 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is

4

unconstitutionally vague." In re Navarro, 931 F.3d 1298, 1301 (11th Cir. 2019) (citing Davis, 139 S. Ct. at 2324-25, 2336). However, Davis only invalidated § 924(c)(3)(B)'s residual clause and not the drug trafficking provision of § 924(c)(2). Id. at 1302. As Petitioner's § 924(c) conviction in Count Two is based on the drug trafficking crime in Count One to which Petitioner also pled guilty, his Count Two conviction falls outside the scope of Davis, and he is not entitled to relief. See id. at 1203-03.

As succinctly summarized by Respondent:

> In this case, the § 924(c) charge (Count Two) specifically referenced a drug trafficking crime of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a), set forth in Count One of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A). (Doc. 1.) Consequently, Davis does not impact [Petitioner's] conviction which was predicated on a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2).

(Doc. no. 3, p. 3 (footnote omitted).) Accordingly, the motion to dismiss should be granted.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 13th day of December, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA